

FILED

2-19-08

FEB 1 9 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 30 |
| vs. | ) | |
| | ) | Judge John W. Darrah |
| KIM CHI T. NGUYEN | ) | |

## PLEA AGREEMENT

1.     This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant KIM CHI T. NGUYEN, and her attorney, MICHAEL VON MANDEL, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The parties to this Agreement have agreed upon the following:

### Charge in This Case

2.     The information in this case charges defendant with filing a false federal income tax return, in violation of Title 26, United States Code, Section 7206(1).

3.     Defendant has read the charge against her contained in the information, and that charge has been fully explained to her by her attorney.

4.     Defendant fully understands the nature and elements of the crime with which she has been charged.

### Charge to Which Defendant is Pleading Guilty

5.     By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the information. The information charges defendant with filing a false United States

Income Tax Return (Form 1040 with schedules and attachments) for the calendar year 2003, in violation of Title 26, United States Code, Section 7206(1).

### Factual Basis

6.     Defendant will plead guilty because she is in fact guilty of the charge contained in the information. In pleading guilty, defendant admits the following facts and that those facts establish her guilt beyond a reasonable doubt:

On or about April 15, 2004, at Glenview, and elsewhere in the Northern District of Illinois, Eastern Division, defendant, a resident of Glenview, Illinois, willfully made and subscribed, and caused to be made and subscribed, a U.S. Individual Income Tax Return (Form 1040 with schedules and attachments) for the calendar year 2003, which return was verified by written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service (IRS), which income tax return she did not believe to be true and correct as to every material matter, in that said return reported on Line 22 that the total income was $13,032, whereas the defendant then and there well knew and believed that her income exceeded $13,032, in that defendant failed to include additional income of approximately $93,109, she received in 2003 from the operation of her businesses, "Nail Tech 7" and "Nancy Nails."

At times material to this case, defendant owned two nail salons in the Northern District of Illinois; "Nail Tech 7" in Morton Grove, and "Nancy Nails" in Glenview, which she operated as Schedule C businesses. Defendant maintained, and was the sole signatory

2

on, three accounts at Glenview State Bank in Glenview, Illinois; a business checking account for "Nail Tech 7," a business checking account for "Nancy Nails," and a personal savings account. Defendant deposited into her personal savings account checks that she received from her nail salon customers made out to "cash." Every year, the defendant provided to her tax return preparer the necessary information to prepare the defendant's income tax returns. The defendant understood that the preparer needed to know all of the income that the defendant had earned at her nail salons in order for the income to be reported accurately on the returns. Defendant understood that the customer checks made out to "cash" constituted business income and that the total amount of such checks should have been included in the income figures that the defendant provided to her tax return preparer. The defendant failed to provide to the tax return preparer any information about the checks payable to cash that were being deposited into the defendant's savings account and thereby knowingly caused the preparer to prepare tax returns, including for the year 2003, that falsely understated the amount of income earned at the nail salons. For the tax year 2003, the individual income tax return prepared by the preparer, and thereafter signed by the defendant and filed with the IRS, falsely reported the defendant's total business income as being $13,032, when as the defendant well knew, her true business income for 2003 was approximately $106,141.

7.    Defendant also acknowledges that for the purpose of computing her sentence under the Sentencing Guidelines, the following conduct, to which she stipulates, constitutes relevant conduct under Guideline §1B1.3:

3

As described in the preceding paragraph with respect to tax year 2003, the defendant failed to provide to her tax return preparer any information about the checks payable to cash that were being deposited into the defendant's savings account, thereby knowingly causing the preparer to prepare tax returns for the years 2002, 2004, and 2005, that falsely understated the amount of income earned at the nail salons. For the tax year 2002, the individual income tax return prepared by the preparer, and thereafter signed by the defendant and filed with the IRS, falsely reported the defendant's total business income as being $16,661, when as the defendant well knew, her true business income for 2002 was approximately $51,721. For the tax year 2004, the individual income tax return prepared by the preparer, and thereafter signed by the defendant and filed with the IRS, falsely reported the defendant's total business income as being $23,230, when as the defendant well knew, her true business income for 2004 was approximately $112,359. Finally, for the tax year 2005, the individual income tax return prepared by the preparer, and thereafter signed by the defendant and filed with the IRS, falsely reported the defendant's total business income as being $29,209, when as the defendant well knew, her true business income for 2005 was approximately $118,758.

## Maximum Statutory Penalties

8.      Defendant understands that the charge to which she is pleading guilty carries the following statutory penalties:

        a.      A maximum sentence of 3 years' imprisonment. This offense also carries a maximum fine of $250,000. Defendant further understands that the Court must

4

order costs of prosecution, estimated to be $500. Defendant further understands that the judge also may impose a term of supervised release of not more than one year.

b.    In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which she has pled guilty, in addition to any other penalty imposed.

## Sentencing Guidelines Calculations

9.    Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

10.    For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a.    **Applicable Guidelines.** The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2007 Guidelines Manual.

b.    **Offense Level Calculations.**

i.    The base offense level for the charge in the information is 16, pursuant to Guidelines §§ 2T1.1(a)(1) and 2T4.1(F), because the tax loss of $100,333 is more than $80,000 and less than $200,000.

5

ii.    Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for her criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for her actions within the meaning of Guideline §3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to her ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

iii.    In accord with Guideline §3E1.1(b), defendant has timely notified the government of her intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline §3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

c.    **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

d.    **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the anticipated offense level is 13, which,

6

when combined with the anticipated criminal history category of I, results in an anticipated advisory Sentencing Guidelines range of 12 to 18 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose.

e.      Defendant and her attorney and the government acknowledge that the above Guideline calculations are preliminary in nature and based on facts known to the parties as of the time of this Plea Agreement. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw her plea on the basis of the Court's rejection of these calculations.

f.      Both parties expressly acknowledge that while none of the Guideline calculations set forth above are binding on the Court or the Probation Office, the calculation set forth above in subparagraph b(i) of this paragraph is binding on the parties, and it shall be a breach of this Plea Agreement for either party to present or advocate a position inconsistent with the agreed calculation set forth in the identified subparagraph.

g.      Defendant understands that with the exception of the Guideline provision identified above in subparagraph b(i), which is binding on the parties, the Guideline calculations set forth above are non-binding predictions, upon which neither party

7

is entitled to rely, and are not governed by Fed.R.Crim.P. 11(c)(1)(B). Errors in applying or interpreting any of the Sentencing Guidelines (other than the one identified above as binding) may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Plea Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw her plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

## Agreements Relating to Sentencing

11.    The government agrees to recommend that sentence be imposed at the low end of the applicable guidelines range.

12.    It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw her guilty plea.

13.    Defendant agrees to pay restitution to the IRS in the amount of $100,333 which reflects the amount of her unpaid federal income tax exclusive of interest and penalties for the tax years 2002 through 2005. Defendant understands that the amount of tax loss as

8

calculated by the IRS may exceed the amount of tax due as calculated for restitution purposes in this criminal case.

14.     Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

### Presentence Investigation Report/Post-Sentence Supervision

15.     Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charge against her, and related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

16.     Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of her financial circumstances, including her recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of her sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

9

17.     For the purpose of monitoring defendant's compliance with her obligations to pay a fine during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

18.     This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case TBD.

19.     This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District

of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

20.     Defendant understands that nothing in this Plea Agreement shall limit the IRS in its collection of any taxes, interest or penalties from defendant. Defendant understands that the amount of tax as calculated by the IRS may exceed the amount of tax due as calculated for the criminal tax case.

### Waiver of Rights

21.     Defendant understands that by pleading guilty she surrenders certain rights, including the following:

a.     **Right to be charged by indictment.** Defendant understands that she has a right to have the charge prosecuted by an indictment returned by a concurrence of twelve or more members of a grand jury consisting of not less than sixteen and not more than twenty-three members. By signing this Agreement, defendant knowingly waives her right to be prosecuted by indictment and to assert at trial or on appeal any defects or errors arising from the information, the information process, or the fact that she has been prosecuted by way of information.

b.     **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against her, and if she does, she would have the right to a public and speedy trial.

11

i.    The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii.    If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and her attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii.    If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt. The jury would have to agree unanimously before it could return a verdict of guilty or not guilty.

iv.    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v.    At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would

12

be able to confront those government witnesses and her attorney would be able to cross-examine them.

       vi.    At a trial, defendant could present witnesses and other evidence in her own behalf. If the witnesses for defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

       vii.    At a trial, defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify. If defendant desired to do so, she could testify in her own behalf.

       c.    **Waiver of appellate and collateral rights.** Defendant further understands she is waiving all appellate issues that might have been available if she had exercised her right to trial. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal her conviction and the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal her conviction and any part of the sentence, including any term of imprisonment and fine within the maximums provided by law, and including any order of restitution or forfeiture (or the manner in which that sentence was determined), in exchange for the concessions made by the United States in this Plea Agreement. In addition, defendant also waives her right to challenge her conviction and sentence, and the manner in which the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under Title

13

28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation.

    d.    Defendant understands that by pleading guilty she is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to her, and the consequences of her waiver of those rights.

## Other Terms

22.    Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

23.    Defendant agrees to cooperate with the IRS in any tax examination or audit of defendant which directly or indirectly relates to or arises out of the course of conduct which defendant has acknowledged in this Plea Agreement, by transmitting to the IRS original records or copies thereof, and any additional books and records which the IRS may request. Nothing in this paragraph precludes defendant from asserting any legal or factual defense to taxes, interest, and penalties that may be assessed by the IRS.

## Conclusion

24.    Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

25.    Defendant understands that her compliance with each part of this Plea Agreement extends throughout the period of her sentence, and failure to abide by any term of the Agreement is a violation of the Agreement.  Defendant further understands that in the event she violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

26.    Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

27.    Defendant and her attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

28.    Defendant acknowledges that she has read this Plea Agreement and carefully reviewed each provision with her attorney.    Defendant further acknowledges that she understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: _February 19, 2008_

PATRICK J. FITZGERALD        KIM CHI T. NGUYEN
United States Attorney          Defendant

CLIFFORD C. HISTED            MICHAEL VON MANDEL
Assistant U.S. Attorney         Attorney for Defendant